IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 5:14-CR-40-CAR |
| vs. | VIOLATION(S): |
| | 18 U.S.C. § 2252A(a)(5)(B) |
| VINCENT STEVEN MELLS | 18 U.S.C. § 2252A(a)(2)(A) |
| | 18 U.S.C. § 2253 |

**THE GRAND JURY CHARGES:**

### COUNT ONE

(Possession of Child Pornography)

That on or about February 13, 2012, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this court,

**VINCENT STEVEN MELLS,**

did knowingly possess and knowingly access with intent to view child pornography, as defined in Title 18, United States Code, Section 2256(8), which had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which was produced using materials which had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer. In this violation the defendant possessed specifically, one Dell OptiPlex 620 Desktop Computer, Serial Number 332BK81, containing a Seagate hard drive, Serial Number 9QE3HQ5B, and a Western Digital hard drive, Serial Number WCAWF4165635; and an IBM hard drive, Serial Number AFM28206, which contained images of prepubescent minors engaged in sexually explicit conduct.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT TWO

### (Distribution of Child Pornography)

That on or about January 2, 2012, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this court,

### VINCENT STEVEN MELLS,

did unlawfully and knowingly distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), or material which contained such pornography, using a means of facility of interstate or foreign commerce, specifically using a computer peer to peer network, which depictions had been shipped or transported in and affecting interstate and foreign commerce, by means including by computer, to wit: digital images of a prepubescent child engaged in sexually explicit conduct and exhibition of the genitals.

All in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

## FORFEITURE NOTICE

### (18 U.S.C. § 2253 – Criminal Forfeiture)

1.     The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 2253.

2.     Upon conviction of the offense(s) in violation of Title 18, United States Code, Sections 2252A(a)(5)(b) and (a)(2)(A) set forth in Counts One and Two of this Indictment, the defendant, **VINCENT STEVEN MELLS**, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 2253:

 (a) Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book magazine, periodical film, videotape, or other matter which contains any such depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

 (b) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s);

 (c) Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s).

The property to be forfeited includes, but is not limited to the following:

 (a) Any visual depictions of minors engaged in sexually explicit conduct, including but not limited to those visual depictions referred to in Counts One and Two;

 (b) One (1) IBM Travel Star 20 GB Computer Hard Drive;

 (c) One (1) IBM Travel Star 4 GB Computer Hard Drive;

 (d) One (1) Western Digital 320 GB Hard Drive, Serial Number WCAWF4165635;

 (e) One (1) Compaq Presario Laptop Computer;

 (f) One (1) Dell OptiPlex 320 Desktop Computer;

 (g) One (1) Dell OptiPlex 620 Desktop Computer, Serial Number 332BK81;

 (h) One (1) HP Media Center Desktop Computer;

 (i) One (1) HP Mini Netbook Computer;

 (j) One (1) Seagate Hard Drive, Serial Number 9QE3HQ5B;

 (k) One (1) Toshiba Thumb Drive.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon exercise of due diligence;

(b) has been transferred, sold to or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c).

All Pursuant to 18 U.S.C. § 2253 and 28 U.S.C. §2461(c).

A TRUE BILL.

_____
s/FOREPERSON OF THE GRAND JURY

PRESENTED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

_____
SONJA B. PROFIT
ASSISTANT UNITED STATES ATTORNEY

*Filed in open court this _____ day of July, AD 2014.*

_____
*Deputy Clerk*